THE PEOPLE OF PUERTO RICO, Petitioner, *v.* SUPERIOR COURT OF PUERTO RICO, GUAYAMA PART, Respondent; ELADIO CINTRÓN SÁNCHEZ, Intervener.

No. O-68-262.     Decided May 13, 1970.

96

*Rafael A. Rivera Cruz, Solicitor General, Peter Ortiz, Acting Deputy Solicitor General,* and *Américo Serra, Assistant Solicitor General,* for petitioner. *Carlos J. Irizarry Yunqué* and *Rafael González Pica* for intervener.

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the Court.

The prosecuting attorney filed an information against intervener herein, charging him in two separate charges with the commission of an offense of the crime against nature, for facts occurred between December 21 and 31, 1967.

At the request of the defendant, the prosecuting attorney specified that the facts alleged in the first charge occurred on Sunday, December 24, 1967, and those alleged in the second charge, on Tuesday 27 of the same month and year, both after nine o'clock in the morning.

On July 17, 1968, the defendant filed a "Notice about Defense of Alibi" and on the following day he requested that thirteen witnesses be summoned, indicating their addresses.

Some days later the prosecuting attorney requested that defendant inform him "(a) Name and address of the witness or witnesses whom he would use to establish the announced defense of alibi" and (b) place where defendant was on the date on which the facts charged against him occurred.

Without there being an order of the court, the defendant submitted to the prosecuting attorney the particulars requested by the latter.

This information having been obtained, the prosecuting attorney, without there being any order from the court, nor notice to defendant, proceeded to summon, under pain of contempt to the court, all witnesses announced by defendant to establish his defense of alibi, "as witnesses to be examined" and took their sworn statements.

On August 2, 1968, the prosecuting attorney had requested and obtained the continuance of the hearing of the case which was set for August 5, for the purpose of conferring with the witnesses for the defense. On the same day, August 5, the defendant filed a motion requesting that the prosecuting attorney be ordered to desist and abstain from taking statements from the witnesses of the defense and that those already taken be placed at the disposal of defendant, and also that any other measure be taken to protect his rights.

The prosecuting attorney objected and after a hearing about the incident was held, the trial court entered an order on August 31, 1968, ordering the prosecuting attorney "1—To abstain in a definite manner from examining defendant's witnesses, informing them as such, except in the act of the public trial in this case and in the manner provided by law. 2—That any statement which he may have obtained from witnesses for the defendant, informed by the latter as such, is illegal and void and to abstain from using it for any purpose in the case."

We agreed to review the foregoing order.

To support it the Solicitor General substantiates his thesis in the following manner:

"We understand that § 11 of the Code of Criminal Procedure (34 L.P.R.A. § 11) does not preclude the prosecuting attorney from summoning and examining the witnesses announced by defendant to support the defense of alibi. In order that the Rule 74 of the Rules of Criminal Procedure—as construed by this Supreme Court in the case of *People* v. *Superior Court,* 92 P.R.R. 112 (1965)—may have actual content it is indispensable for the prosecuting attorney to have power to summon and confer with the witnesses whom the defendant intends to use to substantiate the defense of alibi. It is through the examination of these witnesses that the prosecuting attorney may investigate the merits of the defense of alibi set up by defendant, in order to be able to rebut said defense or to acquiesce to the same in case this were the proper thing to do." (Petition, p. 3.)

We do not agree. Rule 74 of the Rules of Criminal Procedure imposes the obligation on defendant, when he makes a plea of not guilty and intends to establish the defense of insanity at the time of the commission of the offense or when his defense is alibi, of filing with the court a notice to that effect at least 10 days before the trial, serving a like notice to the prosecuting attorney.[1] Construing this Rule 74 we

---

[1] "Rule 74. Plea of Not Guilty; Notice of Defense of Insanity or Alibi

"When the defendant makes a plea of not guilty and intends to

stated in *People* v. *Superior Court*, 92 P.R.R. 112 (1965), that in adopting this provision, Puerto Rico joined the number of jurisdictions requiring advance notice of the defenses of insanity and alibi, thereby statutorily granting to the prosecuting attorney a means for discovery of proof prior to the trial. However, we delimited the extent of the discovery authorized by this Rule to the defendant's submitting to the prosecuting attorney (a) the names and addresses of the witnesses, including the experts, which he intends to use to establish the defense of insanity, excluding his own testimony, and (b) documentary evidence which he intends to use to substantiate such defense.

Section 11 of the Code of Criminal Procedure was not repealed by the Rules of Criminal Procedure, since the same is not incompatible or contrary to said Rules. Rule 254 of the Rules of Criminal Procedure. Said section provides, ". . . the prosecuting attorney . . . shall not interrogate witnesses produced for the defendant except during the public trial." Contrary to what the Solicitor General maintains, this section precludes the prosecuting attorney from summoning and taking sworn statements from the witnesses for the defense before the trial, as was done in this case. The discovery of evidence authorized by Rule 74, does not set aside the provisions of said § 11. We cannot agree that if the prosecuting attorney is not allowed to interview and take sworn statements from the witnesses for the defense who are to be used by the latter to establish his defense of insanity or alibi before

---

establish the defense of insanity at the time of the alleged commission of the offense charged against him, or the defense of alibi, he shall, not less than ten days before the trial, file with the court a notice to that effect, serving a like notice on the attorney of the government. If the defendant fails to serve such notice he shall not be permitted to offer evidence tending to establish said defenses. The court may, however, permit the introduction of said evidence if just cause is shown for the failure to serve the notice. In that event, the court may decree the continuance of the trial on motion of The People, grant leave to reopen the case of The People, or provide for any appropriate remedy."

the trial, Rule 74 would lack actual content because the prosecuting attorney could not be in condition to rebut said defense or to acquiesce to the same. Such argument disregards the fact that once the witnesses for the defense are identified by their names and addresses, the prosecuting attorney is placed in a position to practice an ample investigation about said witnesses. The prosecuting attorney may determine, through that investigation and availing himself of third persons or documents, whether the witnesses of the alibi were actually present at the place where defendant alleges he was at the time of the commission of the offense and if he obtains such information, he may introduce evidence to contradict said witnesses during the act of the trial. The whereabouts of a person on a certain day and hour may be discovered through the testimony of other persons or of documentary evidence. For the purpose of impeaching the credibility of the defendant's witnesses the prosecuting attorney may also investigate whether any of them has been convicted of a felony or that his reputation as to credibility, honesty or integrity is generally bad. Section 520, Code of Civil Procedure of 1933, or that prior to the trial he made statements inconsistent with his present testimony, § 521, Code of Civil Procedure of 1933.

■ Statutory provisions provide the defendant with means for the discovery of evidence. For example, we have decided that the provisions of § 11 of the Code of Criminal Procedure do not prohibit the defendant from conferring with or examining the witnesses for the prosecution. *Hoyos Gómez* v. *Superior Court*, 90 P.R.R. 196 (1964). Rule 95 of the Rules of Criminal Procedure provides that on motion of the defendant the court may order the prosecuting attorney to permit the inspection, copying or photographing by the defendant or his attorney, of any designated objects, books, documents, and papers, not affidavits, with the exception of the testimony of the defendant himself, that The People might have obtained from the defendant or from other persons by means of a

judicial order or otherwise and which might be necessary for the preparation of defendant's defense, irrespective of whether The People proposes to offer them in evidence or whether they are admissible in evidence.

If the means of discovery of evidence place The People in disadvantage as to the defendant and whether it is convenient for a better administration of criminal justice, to place them in the same footing, is a question to be determined by the laws and not through a judicial decision.

■ We decide now that the extent of the discovery of evidence being delimited to what is stated in *People* v. *Superior Court, supra,* said Rule does not authorize the prosecuting attorney to summon under pain of contempt of court and take sworn statements from the witnesses announced by the defendant to substantiate his defense of alibi.

■ We know that Rule 235 of the Rules of Criminal Procedure authorizes the prosecuting attorney to issue subpoena for the appearance and examination of witnesses for the purpose of the investigation of an offense and that Act No. 3 of March 18, 1954 (Witness Immunity Act) renders compulsory the appearance of witnesses summoned by any prosecuting attorney or magistrate, in any criminal investigation, proceeding or process. However, the prosecuting attorney's authority to issue subpoena for the appearance and examination under oath of witnesses for the purpose of the investigation of an offense is not as absolute as to authorize him to summon and examine under oath witnesses for the defense since § 11 of the Code of Criminal Procedure prohibits it.

In this case, the prosecuting attorney had performed the investigation of the offense and had filed the corresponding information against defendant.

■ We cannot agree either that the prohibition of § 11 is enforceable only in cases where defendant does not notify

that his defense would be that of insanity or alibi. The purpose of Rule 74 could not have been to place in a different situation the defendant who announces the said defenses and the one who limits himself to make a plea of not guilty, insofar as it authorizes the prosecuting attorney to summon and take sworn statements from witnesses for the defense, in one case and not in the other.

In view of the prosecuting attorney's action in this case, the order of the trial court ordering to place at the disposal of the defendant the sworn statements taken by the prosecuting attorney from defendant's witnesses and prohibiting him from making use of said statements was correct. We consider that that was the most appropriate measure to protect defendant from the consequences of the violation of § 11 on the prosecuting attorney's part.

The writ issued will be quashed and the case remanded for further proceedings.

Mr. Chief Justice Negrón Fernández did not participate herein.